UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>VESUVIO'S PIZZA & SUBS 2, INC. d/b/a<br>VESUVIO'S II PIZZA & GRILL, INC.,<br>GIOVANNI SCOTTI D'ABBUSCO, an<br>individual and in his official capacity, and<br>ALFREDO CAPUANO, an individual and<br>in his official capacity,<br><br>Defendants. | FILE NO. 15-cv-519 |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

On July 1, 2015, the Secretary filed a Complaint alleging that Defendants violated Section 15(a)(3) of the Fair Labor Standards Act. [DN 1] On September 8, 2015, Defendants Vesuvio's II Pizza & Grill, Inc. ("Vesuvio's") and Giovanni Scotti D'Abbusco filed an Answer, disputing the allegations in the Complaint. [DN 14] On September 8, 2015, Defendant Alfredo Capuano filed an Answer, disputing the allegations in the Complaint. [DN 13] On January 29, 2016, the Parties participated in a mediated settlement conference conducted by mediator Jonathan R. Harkavy. [DN 18] Through continued mediation efforts, the Parties have reached an Agreement resolving the issues before the Court and hereby move that the Parties' Agreement be approved and adopted as the Order of this Court.

In consideration of mutual promises and undertakings hereinafter contained, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties

represent that they have reached the following Agreement ("Agreement") and hereby agree to be ORDERED to comply with the terms of this Agreement:

1. The Parties agree that Vesuvio's II Pizza and Grill, Inc. was the proper corporate defendant in the lawsuit, instead of the named party "Vesuvio's Pizza and Subs, 2, Inc. d/b/a/ Vesuvio's II Pizza and Grill, Inc.", because Vesuvio's Pizza and Subs, 2, Inc. did not and does not own or operate the restaurant which was the subject of this action. They agree that the proper designation for the case is "Thomas E. Perez vs. Vesuvio's II Pizza and Grill, Inc., Giovanni Scotti D'Abbusco and Alfredo Capuano."

2. A JUDGMENT shall be entered against Defendants Scotti D'Abbusco and Vesuvio's for compensatory damages in the total amount of $70,000.00 (the "Judgment").

3. Vesuvio's filed a voluntary petition in the United States Bankruptcy Court for the Middle District of North Carolina for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") Case No. 16-80349 on April 22, 2016 (the "Vesuvio's Bankruptcy"). Defendants represent that Vesuvio's has ceased to do business; accordingly, the parties agree that the injunctive terms included in paragraphs 7 - 11 below shall be binding on Defendant Vesuvio's only if and when Vesuvio's emerges from bankruptcy and/or operates a business within the relevant timeframe. Scotti D'Abbusco filed a voluntary petition in the United States Bankruptcy Court for the Middle District of North Carolina for relief under chapter 7 of the Bankruptcy Code, Case No. 16-80352 on April 22, 2016 (the "D'Abbusco Bankruptcy").

4. The parties agree that the Judgment will be filed as a claim in both the D'Abbusco Bankruptcy Case and the Vesuvio's Bankruptcy Case and, to the extent D'Abbusco and Vesuvio's remain within the jurisdiction of the Bankruptcy Court, any payment of the Judgment must be pursued therein.

JUL.28.2016 10:15 PM                                                                                                        PAGE. 6/ 17
Case 1:15-cv-00519-LCB-LPA   Document 40   Filed 08/01/16   Page 2 of 10

5. Distributions under this Judgment shall be made to the United States Department of Labor, which will forward the entire payment amount to Complainant Miriam Solais as compensation for her actual pecuniary loss and not as a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit.

6. As to any current and/or former employees of Vesuvio's, including Miriam Solais, Defendants Vesuvio's and Giovanni Scotti D'Abbusco shall not:

    a. terminate or threaten to terminate,

    b. cause to be deported or threaten to cause to be deported,

    c. cause to be arrested or threaten to cause to be arrested,

    d. threaten or intimidate in any other manner, or

    e. retaliate or discriminate against in any way,

based on Defendants Vesuvio's or Scotti D'Abbusco's belief that an employee: filed or intends to file any claim for unpaid wages under the FLSA; cooperated or intends to cooperate in any way in United States Department of Labor investigations or investigations of other governmental agencies including the North Carolina Department of Labor; complained to Defendants or any of their representative, agents, successors, or assigns about what the employee believes is a violation of the FLSA; participated or intends to participate, either as a co-plaintiff or a witness, in their own or any other employee's claim for unpaid wages under the FLSA; or otherwise exercised any right under the FLSA.

7. Defendant Scotti D'Abbusco will not tell anyone who works for him not to speak to any person, including representatives of the United States Department of Labor or North Carolina Department of Labor, about their wages or working conditions or to provide false information to the United States Department of Labor or North Carolina Department of Labor.

3

8. On an annual basis for the next two years, Defendant Scotti D'Abbusco shall provide training on Section 15(a)(3) of the FLSA, to all current supervisory employees and all employees who participate in making personnel decisions, including, but not limited to, disciplinary actions, the transfer, and/or termination of employees at the worksite. Defendant Scotti D'Abbusco shall provide the first annual training within ninety (90) days of the effective date of this Agreement. Attendance logs reflecting the date(s) of the training, content of the training, and the names of all training attendees, along with the attendees' job titles shall be maintained by Defendant Scotti D'Abbusco. No later than thirty (30) days after the completion of each annual training, Defendant Scotti D'Abbusco shall send a copy of the attendance logs and training materials to the following:

> Richard Blaylock
> District Director
> U.S. Department of Labor
> Wage and Hour Division
> Raleigh District Office
> 4407 Bland Road, Suite 260
> Raleigh, NC 27609-6296

9. Defendant Scotti D'Abbusco shall immediately post FLSA Fact Sheet #77A, in both English and Spanish (both of which are available on the Wage Hour Division's website and which are attached hereto as Exhibits A and B, respectively), in a conspicuous place at its main office location where notices to employees are customarily posted, and will maintain this posting permanently.

10. Defendant Scotti D'Abbusco shall for a period of two years from the execution of this Settlement Agreement provide each newly hired employee of any entity that he owns or manages with a copy of United States Department of Labor Fact Sheet #77A, in both Spanish and English, as well as a copy of this Agreement. If Defendant Scotti D'Abbusco hires

4

individuals whose language is neither English nor Spanish, the Fact Sheet shall be provided in that language (please see the Wage Hour Division's website for additional languages in which the Fact Sheet is available).

11. Within 30 days of the Court's final approval of this Agreement, Defendant Scotti D'Abbusco shall permit a designee of the United States Department of Labor to read aloud in English and Spanish the following statement, to all employees of Defendants during paid work hours informing them of their rights under the FLSA:

> You are protected by the Fair Labor Standards Act. The Fair Labor Standards Act establishes standards for minimum wage and overtime pay. You have the right to participate freely in any U.S. Department of Labor's investigation into your employer's pay practices. You have the right to speak freely with investigators or other officials from the Department of Labor. You have the right to file a complaint or participate in any public or private enforcement action under the Fair Labor Standards Act without any threat or retaliation from your employer. Your employer is prohibited from retaliating and will not retaliate against you in any way, including termination of your employment, because you spoke with the Department of Labor, brought any claim under the Fair Labor Standards Act, or participated as a plaintiff or a witness in any litigation brought under the Fair Labor Standards Act.
>
> Under the terms of the Agreement filed with the U.S. District Court of Middle District of North Carolina, Vesuvio's II, Giovanni Scotti D'Abbusco or anyone acting on their behalf may not coerce, retaliate against, threaten to retaliate against, intimidate, or attempt to influence or in any way threaten employees for providing information to the Department of Labor. Your employer may not coerce, retaliate against, threaten to retaliate against, intimidate, or attempt to influence or in any way threaten you or any other employees for bringing or participating or cooperating in an action under the Fair Labor Standards Act. This includes retaliation in the form of threats to have you arrested or deported or causing you to be arrested or deported.
>
> Usted está protegido por la Ley de Normas Laborales Justas. La Ley de Normas Laborales Justas establece normas para el salario mínimo y el pago de horas extra. Usted tiene el derecho de participar libremente en cualquier investigación del Departamento de Trabajo de los EE. UU. en lo que respecta a las prácticas de pago de su empleador. Usted tiene el derecho de hablar libremente con los investigadores o con otros funcionarios del Departamento de Trabajo. Usted tiene el derecho de presentar una denuncia o participar en cualquier acción de aplicación de la ley en el ámbito privado o público en virtud de lo dispuesto por

5

*la Ley de Normas Laborales Justas sin ningún tipo de amenaza o represalia de su empleador. Su empleador tiene prohibido tomar represalias y no tomará represalias en su contra de ningún modo, incluido su despido del empleo, debido a que usted habló con el Departamento de Trabajo, entabló una demanda de acuerdo con lo dispuesto en la Ley de Normas Laborales Justas, o participó como demandante o testigo en un litigio entablado de acuerdo con lo dispuesto en la Ley de Normas Laborales Justas.*

*Según los términos del Acuerdo presentado ante el Tribunal de Distrito de los EE. UU. para el Distrito Central de Carolina del Norte, Vesuvio's II, Giovanni Scotti D'Abbusco ni ninguna otra persona que actúe en su nombre podrán coaccionar, tomar represalias, amenazar con tomar represalias, intimidar o tratar de influir o amenazar de algún modo a los empleados por el hecho de ofrecer información al Departamento de Trabajo. Su empleador no podrá coaccionar, tomar represalias, amenazar con tomar represalias, intimidar, tratar de influir o amenazarlo de algún modo a usted o a cualquier otro empleador por el hecho de entablar, participar o cooperar en una acción iniciada de acuerdo con lo dispuesto en la Ley de Normas Laborales Justas. Esto incluye la represalia en la forma de amenazas de hacer que lo arresten o deporten o de lograr que efectivamente lo arresten o deporten.*

12. Defendants Capuano and Vesuvio's Pizza and Subs, 2, Inc. are hereby dismissed as defendants in this case.

13. Defendants waive any and all claims that they have or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution and maintenance of this civil action or any other proceeding and investigation incident thereto.

14. Defendants aver that that they have entered into this Agreement knowingly and voluntarily. The parties acknowledge and agree that this Agreement and the parties' respective signatures on the Agreement are not and shall not be construed as an admission or acknowledgment of any liability, fault or wrongdoing of any kind whatsoever on the part of Defendants.

15. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

16. The Parties agree that any violation of this Agreement shall be considered a violation of the Order of this Court, and shall subject the non-complying party to enforcement by the Court of any and all of its terms. Enforcement proceedings for violations of this Agreement may be initiated at any time upon filing with this Court a motion for an order of enforcement and sanctions.

17. Failure by the Parties to enforce this Agreement in its entirety or any of its provisions shall not be construed as a waiver of their right to enforce other provisions of the Agreement.

18. If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement shall nonetheless remain in full force and effect.

19. This Agreement does not bind any other federal agency from initiating proceedings against Defendants.

VESUVIO'S II PIZZA
AND GRILL, INC.

By: _____

DATE: 7-27-16

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

CHANNAH S. BROYDE
Counsel

By: _____

7

JUL.28.2016 10:18 PM                    PAGE. 16/17

GIOVANNI SCOTTI
D'ABBUSCO

By: [signature]

DATE: 7-27-16

ALFREDO CAPUANO

By: [signature]

DATE: 7-27-16

VESUVIO'S PIZZA & SUBS 2, INC.

By: [signature]

DATE: 7-27-16

SOL Case No. 15-00665

LYDIA J. CHASTAIN
KRISTIN R. MURPHY
MELANIE L. PAUL

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Suite 7T10
Atlanta, Georgia 30303
(404) 302-5435
Murphy.kristin.r@dol.gov
ATL.FEDCOURT@dol.gov

Attorneys for Plaintiff

8

STATE OF NORTH CAROLINA
COUNTY OF PERSON

## SPECIFIC POWER OF ATTORNEY

I, **Alfredo Capuano**, the undersigned, hereby appoint **Giovanni Scotti D'Abussco**, to be my attorney in fact, to act in my name in any way which I could act for myself with respect to the execution of the settlement documents for Case Number: 1:15-CV-519 between Thomas E. Perez, Secretary of Labor, United States Department of Labor v. Vesuvio's Pizza & Subs 2, Inc., d/b/a Vesuvio's II Pizza & Grill, Inc.; Giovanni Scotti D' Abbusco and Alfredo Capuano ("Litigation") and to take such actions as are necessary and convenient, and deemed appropriate by my lawyer, to pursue defenses to claims brought by the plaintiff against the defendants and otherwise to protect my interests in and in relation to the Litigation.

This power of attorney shall become effective immediately and shall not be affected by my subsequent incapacity or mental incompetence.

Dated this 17th day of June, 2016.

This Power of Attorney shall expire at the full resolution of the Litigation, including any appeals, by settlement, dismissal, judgment or otherwise.

_____ (SEAL)
**Alfredo Capuano**

STATE OF __NC__, COUNTY OF __Person__

On this 17th day of June, 2016, personally appeared before me, the said named **Alfredo Capuano** to me known and known to me to be the person described in and who executed the foregoing instrument and he acknowledged that he executed the same and being duly sworn by me, made oath that the statements in the foregoing instrument are true.

My Commission Expires:

_____ expires: 8-16-2020
Signature of Notary Public

Notary Public (Seal)



4828-4401-3874, v. 1

## CERTIFICATE OF SERVICE

I certify that the foregoing Joint Motion to Approve Settlement Agreement was filed with the Middle District Court of North Carolina using their CM/ECF filing which will send notification to the following CM/ECF participants:

Denise Smith Cline, denise@dsclinelaw.com

Amie Flowers Carmack, acarmack@morningstarlawgroup.com

*s/ Lydia J. Chastain*
LYDIA J. CHASTAIN
Senior Trial Attorney